

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2005

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1114

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Lin v. Atty Gen USA" (2005). *2005 Decisions*. Paper 1437.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1437

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1114
_____

FEI LIN

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,[*]

Respondents.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A73-033-421)

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2005

Before: NYGAARD, McKEE, and RENDELL, Circuit Judges.

(Filed   March 23, 2005 )

_____

[*] Caption amended pursuant to Rule 43(c), Fed. R. App. Pro.

OPINION OF THE COURT

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Petitioner, Fei Lin, seeks judicial review of decisions issued by the Board of Immigration Appeals on December 13, 2003 and February 13, 2004. We affirm.

**I.**

Lin, a native and citizen of the People's Republic of China, illegally entered the United States on or about April 5, 1990. On July 10, 1996, the INS initiated proceedings against Lin, pursuant to INS §241(a)(1)(B); 8 U.S.C. §1251(a)(1)(B), alleging that he was deportable as an alien who was present in the United States without inspection.

In deportation proceedings before the Immigration Judge, Lin requested asylum, withholding of deportation, and in the alternative voluntary departure. The IJ granted Lin's request to withdraw his applications for asylum and withholding of deportation and granted Lin's request for voluntary departure. Lin, however, did not depart the United States and instead filed a Motion to Reopen his deportation proceedings to apply for protection under the Convention Against Torture. The INS did not oppose the motion and the IJ granted it.

After a hearing on the merits, the IJ found Lin ineligible for CAT protection, finding that Lin's testimony and evidence were not credible and that background country information did not show that it was "more likely than not" that he would be tortured if returned to China. The IJ reinstated Lin's alternate order of deportation.

Lin appealed the IJ's decision to the Board of Immigration Appeals. In addition, he requested that the BIA administratively close this case because he allegedly married Yun Yan Lin. Lin argued that Yun Yan was conditionally granted asylum, and therefore he should be considered her derivative spouse to such application even though she cannot petition him until she receives a final grant of asylum. The INS opposed Lin's request to administratively close his proceedings, asserting that there was no evidence to support Lin's claim that he was married. Lin moved to supplement the record with a copy of a document entitled "Praecipe to Enter Default Judgment"[1] that he filed against his "wife," Yun Yan.

The BIA dismissed this appeal based on the reasons stated in *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an immigration judge, in whole or in part, is "simply a statement that the

---

[1]    The Praecipe does not indicate, as Lin asserts, that the Philadelphia County Court found that Lin and Yun Yan were married. Instead the record reflects that Lin requested judgment in his favor confirming that he and Plaintiff, Yun Yan, were lawfully married on September 18, 2001 and are husband and wife. *See* A.R. 34-47.

Board's conclusions upon review of the record coincide with those which the immigration judge articulated in his or her decision.") A.R. 60. The BIA specifically agreed with the IJ that Lin did not set forth a credible claim for asylum and that he failed to prove that he was eligible for CAT protection. The BIA also stated that Lin failed to show that it was "more likely than not" that he would be tortured if he returned to China due to his participation in the 1989 democracy demonstrations or because of his Christian religion. Finally, the BIA denied Lin's request that his case be administratively closed because it found that Lin failed to provide sufficient evidence establishing that he was married at the time his "wife" was conditionally granted asylum.

Lin timely petitioned this Court for review of that decision and simultaneously filed a Motion to Reconsider and Reopen. On February 13, 2004, the BIA denied Lin's Motion to Reconsider and Reopen. With respect to reconsideration, the BIA found that Lin did not demonstrate any error in the BIA's December 13, 2003 decision on the record before it at that time. (A.R. at 2). With respect to reopening, the BIA concluded that Lin did not satisfy the heavy burden governing the renewed application for CAT protection and added that neither the BIA nor the IJ has jurisdiction to determine Lin's claim that he is a derivative asylee. (A.R. 2).

Lin now seeks review of both of the BIA's decisions. For the following reasons, we deny the petition.

4

## II.

We are without jurisdiction to review the BIA's February 13, 2004 decision denying Lin's Motion to Reopen and Reconsider because Lin did not petition this Court for review of that decision. The Supreme Court has interpreted INA § 106(a)(6) (1994) (repealed) as contemplating two separate petitions for review in cases where a petitioner wishes to challenge both a final order of deportation and the denial of a motion to reopen or reconsider with respect to that order – one for the final order and one for the denial of the motion. *See Stone v. INS*, 514 U.S. 386, 394-95 (1995).

Here, Lin properly filed a petition for review of the BIA's December 15, 2003 decision, affirming the IJ's denial of CAT protection and denying Lin's request to administratively close the case. However, he did not petition this Court for review of the BIA's February 13, 2004 decision. Section 309(c)(4)(C) of the Illegal Immigration Reform and Immigrant Responsibility Act provides that a petition for judicial review must be filed no later than 30 days after the date of the final order of exhaustion or deportation. Since Lin never petitioned this Court for review of the BIA's February 13, 2004 decision, we are without jurisdiction to consider it. *See* IIRIRA §309 (c)(4)(C); *Narayan v. INS*, 105 F.3d 1335 (9th Cir. 1997).

Therefore, our review is limited to the review of the December 15, 2003, decision affirming the immigration judge's denial of protection under the CAT and

5

denying Lin's request to administratively close his case. We are also without jurisdiction to review the CAT claim or the issue of administrative closure.

Federal Rules of Appellate Procedure require that the argument portion of an appellant's brief contain his contentions and reasons for them with citations to the authorities and parts of the record on which he relies, and for each issue, a concise statement of the applicable standard of review. *See* FED. R. APP. P. 28(a)(9); *U.S. v. Irizarry*, 341 F.3d 273, 305 (3d Cir. 2003). We have held that an appellant who fails to comply with this requirement fails to preserve the arguments that he otherwise could have raised. *See id*. (*citing Luderstadt v. Colafella*, 885 F.2d 66, 78 (3d Cir. 1989)).

Here, Lin incorporated by reference his entire BIA appeal brief. Other Circuits have rejected the practice of "incorporating by reference" arguments made in proceedings below as a violation of Federal Appellate Procedure Rule 28(a)(9).[2] As a result of Lin's failure to properly brief the issue, it is not properly preserved for review by this Court. Therefore, we are without jurisdiction to consider the merits of the CAT protection claim.

---

[2.] *See, e.g., Four Seasons Hotels and Resorts, B.V., v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167, n.4 (11th Cir. 2004); *Northland Insurance Company v. Stewart Title Guaranty Company*, 327 F.3d 448, 452 (6th Cir. 2003); *Cray Communications, Inc. v. Novatel Computer Systems*, Inc., 33 F3d 390, 396, n.6 (4th Cir. 1994); *see also* 16 C. Wright, et al., FEDERAL PRACTICE AND PROCEDURE §3974 at 733 & 742, n.27.7 (2d ed. Supp. 1994).

6

We lack jurisdiction to review an agency's exercise of discretion because there are not meaningful standards by which a court could judge the exercise of that discretion. *See Heckler v. Chaney*, 470 U.S. 821, 830 (1985); *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474-75 (3d Cir. 2003). In *Calle-Vujiles*, we held that "[b]ecause the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." *Calle-Vujiles*, 320 F.3d at 475.

Like decisions to *sua sponte* reopen a case, decisions to administratively close cases are decisions that are purely committed to the BIA's or IJ's discretion. Accordingly, for these types of cases there are no meaningful standards by which this Court could review that exercise of discretion. Accordingly, we are without jurisdiction to review Lin's challenge to the denial of his request to administratively close his case.

## III.

We lack jurisdiction to review the BIA's February 13, 2004 decision denying Lin's Motion to Reopen and Reconsider because Lin did not petition this Court for review of that decision. We are also without jurisdiction to consider Lin's claim that he merits CAT protection because Lin failed to properly preserve this issue for review. We lack jurisdiction to consider Lin's challenge to the denial of his request to administratively close his case and in the alternative the BIA did not commit an abuse of discretion. Therefore, for the foregoing reasons, the petition for review is denied.

7