09-4050-ag
Wang v. Holder

BIA
Bukszpan, IJ
A070 529 193

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of June, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

LISONG WANG,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

09-4050-ag
NAC

_____

FOR PETITIONER:      Lee Ratner, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Tiffany Walters Kleinert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lisong Wang, a native and citizen of the People's Republic of China, seeks review of a September 2, 2009, order of the BIA affirming the July 29, 2008, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lisong Wang*, No. A070 529 193 (B.I.A. Sept. 2, 2009), *aff'g* No. A070 529 193 (Immig. Ct. N.Y. City July 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Wang does not challenge the agency's denial of his family planning claim. Although he argues that he is entitled to asylum based on his illegal departure, we have held that the

possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992); *see also Matter of Sibrun*, 18 I. & N. Dec. 354, 359 (BIA 1983). Here, although a reasonable factfinder could conclude that there is a political dimension to the village committee letter Wang submitted, the record does not compel a finding that the agency erred in reaching the opposite conclusion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157 (2d. Cir. 2008) (stating that this Court defers to the BIA's assessment of evidence and its ultimate findings of fact); *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Even if Wang had shown the requisite nexus, the BIA did not err in determining that the record did not establish a reasonable likelihood that he would be persecuted upon his return. Indeed, the 2007 State Department Profile of Asylum Claims and Country Conditions for China, which was included in the record, indicates that most returnees are detained only long enough to arrange travel home, that fines are rare, and

that U.S. officials in China have not confirmed any case of abuse of persons returned to China after departing illegally. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (holding that State Department reports are generally probative). Thus, the agency reasonably denied Wang's application for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim). Because Wang did not establish a reasonable likelihood of persecution, he was necessarily unable to demonstrate a likelihood of torture. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk