**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1113n.06

No. 11-3863

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Oct 29, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| YI MIA ZHENG, aka Yi Mei Zhen, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  MERRITT, McKEAGUE, and STRANCH, Circuit Judges.

AMENDED PER CURIAM:  Yi Mia Zheng petitions through counsel for review of an order of the Board of Immigration Appeals affirming a decision by an immigration judge denying her relief, and denying her motions to remand or close her proceeding.

Zheng was born in China in 1974, and she entered this country illegally in 1993.  She was apprehended on entry and issued an order to show cause why she should not be deported.  She eventually had a merits hearing before an immigration judge (IJ), who denied her motion for a continuance and all relief other than voluntary departure.  The Board of Immigration Appeals (BIA) affirmed that decision and denied Zheng's motions to remand and to administratively close the proceedings.  On appeal, Zheng challenges the denial of relief in the form of protection under the Convention Against Torture (CAT), as well as the denials of her motions for a continuance, to

remand, and to administratively close the proceedings. We granted Zheng's motion for a stay of removal pending this appeal.

Zheng argues that her request for protection under the CAT was wrongly denied. She argued below that she would be imprisoned and tortured if returned to China because she had illegally departed from that country. In order to be entitled to relief under the CAT, Zheng was required to establish that it is more likely than not that she would be tortured if returned to China. *See Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004). In order to grant the petition for review, it must appear from the record that Zheng presented evidence on this point so compelling that no reasonable factfinder would fail to find her eligible for relief. *See Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159 (2d Cir. 2005). The BIA agreed with the IJ's finding that Zheng is not eligible for withholding or removal and protection under the CAT. The IJ reasoned that Zheng failed to meet her burden to establish that she unlawfully departed her home country and that she would be prosecuted, detained, and tortured in detention if she is returned to China. Like the court in *Lin*, we find that the mere allegations that people who illegally left China are sometimes detained on return, and that some people incarcerated in China are tortured, are insufficient to compel a conclusion that Zheng would more likely than not be tortured. *Id.* at 157–58. Zheng failed to demonstrate any confirmed cases of torture of persons returned to China after departing illegally. *See Wang v. Holder*, 379 F. App'x 110, 111 (2d Cir. 2010). Accordingly, the petition for review of the denial of protection under the CAT must be denied.

Zheng also argues that the BIA erred in denying her motion to remand. The IJ had rejected her CAT claim partly because she had not corroborated her story of having left China illegally and

partly because the IJ believed that China's recent issuance of a passport to Zheng implied that she had not left illegally. Before the BIA, Zheng moved for a remand to present the missing corroboration of her illegal exit from China, as well as an affidavit from an expert opining that issuance of a passport to Zheng did not indicate that she had left China legally. The denial of a motion to remand is reviewed for an abuse of discretion. *Fieran v. INS*, 268 F.3d 340, 344 (6th Cir. 2001). No abuse of discretion is apparent in this case, because even if the evidence Zheng supplied with her motion to remand were considered, she has failed to establish entitlement to relief under the CAT for the reasons stated above.

Zheng also argues that the BIA erred in denying her motion to administratively close her proceedings so that she could become eligible for repapering. Repapering is a procedure involving the termination of deportation proceedings and the reinstitution of removal proceedings. *Aoun v. INS*, 342 F.3d 503, 509 (6th Cir. 2003). Repapering would have benefitted Zheng in this case, because the issuance of an order to show cause in 1993 prevented her from becoming eligible for cancellation of removal. If she were placed in removal proceedings, she could hypothetically become eligible for that relief. We review the denial of a motion for administrative closure for an abuse of discretion, which is not demonstrated where the respondent opposes the motion, as occurred in this case. *Vahora v. Holder*, 626 F.3d 907, 919 (7th Cir. 2010); *Garza-Moreno v. Gonzales*, 489 F.3d 239, 242-43 (6th Cir. 2007).

Finally, Zheng challenges the IJ's denial of her motion for a continuance. The denial of a motion for a continuance is also reviewed for an abuse of discretion. *Hernandez v. Holder*, 606 F.3d 900, 903 (8th Cir. 2010). Like the petitioner in *Hernandez*, Zheng sought an indefinite continuance

in the hope that the government would promulgate repapering regulations. *Id.* at 904. The IJ did not abuse her discretion in finding no good cause for a continuance under the circumstances.

Accordingly, the petition for review is denied.