# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1513

_____

| | | |
|---|---|---|
| Clavenda Toby, a/k/a Beclavena | * | |
| Vemore Toby, a/k/a Joice Beclavena | * | |
| Sullivan, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for review of an Order of |
| | * | the Board of Immigration Appeals. |
| v. | * | |
| | * | |
| Eric H. Holder, Jr., Attorney General, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: December 16, 2009
Filed: August 27, 2010

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

Clavenda Toby appeals a Board of Immigration Appeals (BIA) decision affirming an immigration judge's (IJ) order of removal denying Toby adjustment of status, waiver of inadmissibility, asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

Clavenda Toby is a native and citizen of Liberia. She was detained and charged on November 21, 2002, with removability under 8 U.S.C. § 1227(a)(1)(A) as an alien inadmissible at time of entry under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for failure to possess a valid entry document. She was also charged with removability under 8 U.S.C. § 1182(a)(6)(C)(i) for procuring entry through fraud or willful misrepresentation of a material fact. Toby conceded removability and the IJ administratively closed the removal proceedings on March 6, 2003, because Toby was granted Temporary Protected Status (TPS). Toby petitioned to reopen the proceedings in 2006 because a visa number was available for her under a form I-130 petition for alien relative filed in 1993 by her sister, who is a United States citizen. Toby requested adjustment of status and a waiver of any grounds of inadmissibility. In January of 2007, with her petition for adjustment of status still pending, Toby filed for asylum, withholding of removal, and protection under the Convention Against Torture. In the alternative, she requested voluntary departure.

Toby testified she entered the United States in early September of 1996, using her sister Memie's Liberian passport and visa. She later changed her testimony and said she used her sister Belizabeth's United States passport to enter the country. Toby testified her father sent her Belizabeth's passport when he found out Toby had been kidnapped at gunpoint and raped by armed men at a refugee camp in Liberia. Toby remained in the United States illegally until she came to the attention of Immigration and Customs Enforcement (ICE) in 2002 when she filed a fraudulent application for TPS using a false name and her sister's alien registration number (she filed another application for TPS using her own information, which was the basis for the administrative closure of her removal proceedings).

The government presented documents from the Minnesota welfare office showing Toby had also applied for and received welfare benefits using the same name

and alien registration number she later used to file the fraudulent application for TPS. Employment documents showed Toby had used social security numbers and various permutations of her assumed name to obtain employment. She was married to Cyrus Barney in Liberia but testified she assumed he was dead when he left the house one day and never returned. She married Michael Sullivan, a United States citizen, in 1999. Toby's mother testified Toby said she married Sullivan for immigration purposes, however, no immigration papers were ever filed as a result of the marriage. The couple eventually divorced and Toby later reunited with Cyrus Barney, who was alive and, as it turns out, living in the United States under TPS as well. The couple has one son, who is a United States citizen. Toby's mother is a United States citizen and her siblings are all citizens or legal permanent residents.

The IJ denied Toby's claims because she found Toby not to be a credible witness. The IJ also denied each of Toby's claims on the merits and, where applicable, as a matter of discretion. Toby appealed to the BIA, which affirmed the IJ's decision. Toby filed a timely petition for review of that order.

II

**Credibility**

The criteria for use in determining credibility during removal proceedings are set forth in 8 U.S.C. § 1229a(c)(4)(C):

> Considering the totality of the circumstances, and all relevant factors, the immigration judge may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such

statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.

This court has held

> [a]n IJ's findings of fact when affirmed by the BIA are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. Credibility findings in particular are entitled to much weight because the IJ sees the witness testify and is therefore in the best position to determine his or her credibility. Therefore, we defer to a credibility finding that is supported by a specific, cogent reason for disbelief.

Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006) (citation and quotation marks omitted).

The IJ determined that Toby was generally not credible because Toby used her sister's immigration documents to enter the country illegally; documents presented by the government showed Toby had applied for numerous forms of government and immigration relief using combinations of her sisters' names, immigration numbers, and other identifying information; because Toby's mother testified Toby married her United States citizen former husband for immigration purposes; because Toby's identification documents, some of which appeared to be forgeries, contained conflicting information; and because Toby changed her testimony about which immigration documents she used to enter the country illegally. Toby does not dispute any of the evidence but argues the IJ should have taken into account her state of mind when she did all of those things. Toby presented evidence she was suffering from post traumatic stress disorder and her counselors testified this made it difficult for her

to be forthcoming about the traumatic underlying circumstances of her claim for relief and even about the details of her life. Such evidence is relevant to Toby's worthiness for relief but does not serve to undermine the IJ's credibility determination. Even if Toby could prevail on her argument with respect to credibility, she has failed to appeal independent alternative grounds for each form of relief she requested.

**Adjustment of Status**

This court does not have jurisdiction to review an IJ's discretionary determination to deny adjustment of status. 8 U.S.C. § 1252(a)(2)(B)(i). The statutory provision governing judicial review of orders of removal categorizes adjustment of status as a matter not subject to judicial review as follows:

> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review --
>
> > (i) any judgment regarding the granting of relief under section ... 1255 of this title [adjustment of status]. . . .

8 U.S.C. § 1252(a)(2)(B)(i).

However, under 8 U.S.C. § 1252 (a)(2)(D) (Judicial review of certain legal claims),

> [n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims

or questions or law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

While this court has no jurisdiction to review the discretionary denial of adjustment of status, it retains jurisdiction over properly raised questions of law and constitutional questions. See Hashmi v. Mukasey, 533 F.3d 700, 703 (8th Cir. 2008) ("We lack jurisdiction to review discretionary denials of adjustment of status, but we do review 'the predicate legal question' of whether the IJ properly applied the law to the facts in determining the alien's eligibility for adjustment.")

The IJ found Toby ineligible for adjustment under 8 U.S.C. § 1182(a)(6)(C)(ii) because she was inadmissible for having made a false claim to citizenship when she used her sister's United States passport to enter the country. Toby claims it was not proper to deny her relief on this ground because she entered the United States before September 30, 1996, when the false claim to citizenship provision was added to section 1182(a)(6)(C). The IJ found Toby had failed conclusively to establish she entered before that provision took effect. This finding is not supported by the record. Even if the IJ properly determined Toby was not a credible witness, the government charging documents allege entry on or about September 1, 1996, and her sister testified Toby had entered the country around Labor Day of 1996. Since the IJ made no finding as to the sister's credibility, she enjoys a presumption of credibility on appeal. See 8 U.S.C. § 1229a(c)(4)(C) ("There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.").

It is, however, immaterial whether Toby was statutorily ineligible for adjustment of status, because the IJ separately denied adjustment as a matter of discretion based on a balancing of the equities of Toby's case and because she was inadmissible for having made a false claim to citizenship. As noted above, we lack jurisdiction to review an IJ's discretionary denial of an application for adjustment of status. Toby attempts to avoid the jurisdictional bar to review of discretionary

decisions by arguing the IJ applied an incorrect legal standard in exercising its discretion.

Adjustment of status requires a balancing of favorable and adverse factors. See Patel v. INS, 738 F.2d 239, 242 (7th Cir. 1984). Toby does not argue the IJ used improper factors but "a reasonable fact finder would have found [Toby] credible and therefore, eligible for adjustment of status." However, the IJ did not weigh Toby's general credibility as part of the discretionary analysis. The IJ considered Toby's flagrant immigration violations; her unlawful entry into the United States involving the use of her sister's passport; her preconceived intent to enter and remain in the United States permanently; and her false statements to the immigration court, the Department of Homeland Security, the police, employers, and welfare authorities. The IJ weighed those factors, none of which Toby disputes, against her well-established ties to the United States and found the equities did not warrant a favorable exercise of discretion. Although couched as a question of law, Toby's argument would require this court to examine the IJ's weighing of those factors. In Hailemichael v. Gonzales, 454 F.3d 878, 886 (8th Cir. 2006), we found we lack jurisdiction to review an IJ's weighing of discretionary factors. Accordingly, we lack jurisdiction to review this dispositive ground for denial of Toby's petition for adjustment of status.

**Waiver**

Pursuant to 8 U.S.C. § 1182(i)(1), the attorney general may waive the application of inadmissability under 8 U.S.C. § 1182(a)(6)(C)(i) and may adjust the status of a recipient of such waiver. However, 8 U.S.C. § 1182(i)(2) provides, "[n]o court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1)." The bar to review of such decisions on waiver is reinforced in 8 U.S.C. § 1252(a)(2)(B) ("regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction

to review - (i) any judgment regarding the granting of relief under section ... 1182(i)"). Toby again argues we have jurisdiction because the IJ committed an error of law but she fails to point out any specific error of law and states "the IJ selectively cited to the evidence that most supported her conclusion that there was a lack of extreme hardship to support granting [waiver]." As stated above, pursuant to Hailemichael, 454 F.3d at 886, we do not have jurisdiction to review an IJ's weighing of appropriate factors where the relief requested is discretionary. We must therefore deny the petition with respect to Toby's request for adjustment of status.

**Asylum**

The IJ found Toby not to be a credible witness and denied her asylum claim on that basis. However, the IJ also denied Toby's claim to asylum because she was outside the one year time limit for asylum under 8 U.S.C. § 1158(a)(2)(B). "Congress has generally precluded the federal courts from exercising jurisdiction to review a determination of the Attorney General that an application for asylum was untimely. See 8 U.S.C. § 1158(a)(3)." Manani v. Filip, 552 F.3d 894, 899 (8th Cir. 2009). Under 8 U.S.C. § 1252 (a)(2)(D), we retain, as always, jurisdiction to review claims of law or constitutional claims. However, Toby does not make any cogent legal argument on appeal that the IJ committed an error of law or violated her constitutional rights with respect to this decision. The IJ did not link this decision to its general credibility finding but instead found Toby was subject to the one year bar and was not eligible for the exception to that bar because she had failed to show extraordinary circumstances relating to the delay in filing under 8 U.S.C. § 1158(b)(2)(d).

Toby contends the IJ erred in finding she did not make a showing of exceptional circumstances because she presented the testimony of counselors that she was suffering from post traumatic stress disorder, which she argues interfered with her ability to timely seek asylum based on the traumatic rape she suffered. In Manani v. Filip, this court determined it had no jurisdiction to review an alien's petition for

review where the alien argued her "mental and physical health prevented her from seeking asylum" because such arguments "amount to a quarrel with the BIA's discretionary factual determination." 552 F.3d at 900 (quoting Purwantono v. Gonzales, 498 F.3d 822, 824 (8th Cir. 2007)). This case is indistinguishable from Manani and we lack jurisdiction to review this basis for the denial of Toby's asylum claim.

The IJ also denied Toby's asylum claim on the merits, finding she had not proven her rape was a result of persecution on account of a protected ground (race, religion, nationality, membership in a particular social group, or political opinion) under 8 U.S.C. § 1158(b)(B)(i). Toby testified armed men kidnapped her and four other women from a room of twenty women at a refugee camp in Liberia. She testified the men said they took the women because they believed them to be affiliated with the government (Toby worked in government offices before she fled her home to escape armed conflict in the area) but she also testified she thought the women were chosen at random and she was chosen because she was well-dressed and the men thought she had money. The IJ separately found Toby had failed to show she was in danger of persecution if returned to her country and cited changed country conditions in support of that finding. Toby did not address the IJ's findings on the merits of her case on appeal and has waived this argument. We must therefore deny the petition with respect to the question of asylum.

**Withholding of removal**

To establish eligibility for withholding of removal under 8 U.S.C. § 1231(b)(3), an alien must establish it is "more likely than not" the alien's life or freedom would be threatened in the country designated for removal (the IJ in this case designated Liberia as Toby's country of removal) on account of one of the five grounds enumerated in the act. The IJ denied withholding of removal based on Toby's lack of credibility. However, she also denied Toby's claim on the merits, finding Toby had failed to

establish she was more likely than not to be persecuted, citing changed country conditions in Liberia, and finding Toby had failed to establish her past persecution was related to her race, religion, nationality, membership in a particular social group, or political opinion. Toby has failed to appeal these alternative, independent grounds for denial of withholding not related to her credibility and we accordingly deny the petition for review on this issue.

**Protection under the Convention Against Torture (CAT)**

Toby claims the IJ improperly determined her story was not credible. However, the IJ also denied Toby's request for CAT relief on the merits because, even if her story were true, she failed to establish that her persecutors were in any way related to or sanctioned by the Liberian government. See 8 C.F.R. § 1208(a)(1)(7). The IJ also found Toby had failed to show she was more likely than not to be tortured upon return to Liberia and cited changed conditions in the country as a result of recent elections. See 8 C.F.R. § 1208.16(c)(3). Toby has not appealed this independent basis for the denial of CAT relief and we must deny the petition with respect to this issue as well.

III

There was sufficient evidence to support the BIA's determination that Toby was not credible. In addition, Toby has failed to appeal alternative grounds for denying her requests for asylum, withholding of removal, and protection under CAT. We lack jurisdiction to review the district court's discretionary denials of Toby's petition for adjustment of status and waiver of inadmissibility.

Accordingly, we deny the petition for review.

_____