**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2391**

ACHILLE CHARLES,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 21, 2010      Decided:  November 12, 2010

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Elizabeth Young, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Achille Charles, a native and citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for a waiver under 8 U.S.C. § 1182(i) (2006) and adjustment of status under 8 U.S.C. § 1255 (2006). We deny the petition for review.

Under 8 U.S.C. § 1182(a)(6)(C)(i), "any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." Charles does not challenge the finding that he is inadmissible under this section. Under 8 U.S.C. § 1182(i)(1), "[t]he Attorney General may, in the discretion of the Attorney General, waive [the above section] in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse[.]" Under 8 U.S.C. § 1182(i)(2), "[n]o court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1)."

2

Similarly, under 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1182(i)," except for questions of law or constitutional claims. See 8 U.S.C. § 1252(a)(2)(D).

Accordingly, this court does not have jurisdiction to review the immigration judge's discretionary decision finding that Charles did not establish it would be an extreme hardship to his spouse if he were removed to Haiti. See Toby v. Holder, 618 F.3d 96, 2010 WL 3363191, *4 (8th Cir. 2010); Corona-Mendez v. Holder, 593 F.3d 1143, 1146 (9th Cir. 2010); Emokah v. Mukasey, 523 F.3d 110, 118-19 (2d Cir. 2008); Said v. Gonzales, 488 F.3d 668, 671 (5th Cir. 2007); see also Okpa v. INS, 266 F.3d 313, 316-17 (4th Cir. 2001) (under IIRIRA's transitional rules, this court did not have jurisdiction to review the discretionary decision that the Petitioner's spouse would not suffer an extreme hardship if he were removed).

While Charles is entitled to "an unbiased arbiter who has not prejudiced [his] claims," Ahmed v. Gonzales, 398 F.3d 722, 725 (6th Cir. 2005), we find the record does not support Charles' allegation that he was denied due process. The record clearly supports the immigration judge's adverse credibility finding.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>