NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2011[*]
Decided October 26, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2095

| | |
|---|---|
| NFOR GIBSON TATA TANDAP, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A097 333 108 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Nfor Tandap, a native of Cameroon, challenges the discretionary denial of his request to adjust status based on his marriage to a U.S. citizen. Lacking jurisdiction, we dismiss Tandap's petition.

Tandap came to the United States in 1992 on a student visa and overstayed. He met Yvonne Brown, a United States citizen; the couple had two daughters and then married in 2002. The government placed Tandap in removal proceedings in 2006. Tandap admitted

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

removability but sought adjustment of status based on his marriage to a U.S. citizen, *see* 8 U.S.C. § 1255(a), with a waiver of inadmissibility if necessary, *see id.* § 1182(h). Before the immigration judge ruled upon his request, however, Tandap was arrested in November 2008 and charged with battery. The charges were dropped. When Tandap came before the IJ again in May 2009, the IJ asked if he had been arrested since the November 2008 arrest; Tandap answered, "No." The IJ then granted Tandap's application for adjustment of status.

But the government soon learned that Tandap had lied about his recent criminal past. Tandap had concealed from the IJ a domestic-battery arrest in January 2009 and two arrests in May 2009 for occupying a red-tagged property. Based on this information, the government moved to reopen the case, and the IJ granted the motion. The IJ held two more hearings over the next several months at which he gathered additional information about the arrests and asked the parties to update him on the status of the domestic-abuse case. Between the two hearings, Tandap was arrested again and charged with resisting arrest. At the close of the second hearing, the IJ denied Tandap's application for adjustment of status as a matter of discretion. The IJ recognized that "arrests are not convictions" but emphasized that Tandap had misled the court under oath. The Board of Immigration Appeals upheld the ruling, adding that a waiver of inadmissability would not help Tandap because he had not been found inadmissible, and that the IJ had appropriately declined to exercise discretion in Tandap's favor, given his failure to disclose his pending arrests.

In this petition, Tandap argues that the BIA wrongly upheld the IJ's denial of his request to adjust status because, he contends, the IJ violated his right to due process by ruling before the domestic-abuse charge was resolved. But this court lacks jurisdiction to review discretionary decisions denying adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Jarad v. Gonzales*, 461 F.3d 867, 869 (7th Cir. 2006); *Sokolov v. Gonzales*, 442 F.3d 566, 569 (7th Cir. 2006). This jurisdictional bar does not prevent us from considering constitutional claims or questions of law, *see* 8 U.S.C. § 1252(a)(2)(D); *Ward v. Holder*, 632 F.3d 395, 397 (7th Cir. 2011); *Eke v. Mukasey*, 512 F.3d 372, 378 (7th Cir. 2008), but Tandap's due-process argument is not even colorable and is thus insufficient to invoke our jurisdiction. *See Zamora-Mallari v. Mukasey*, 514 F.3d 679, 696 (7th Cir. 2008). Tandap has no liberty or property interest under the Due Process Clause in obtaining discretionary relief from removal, *see Moosa v. Holder*, 644 F.3d 380, 385 (7th Cir. 2011); *Bakarian v. Mukasey*, 541 F.3d 775, 785 (7th Cir. 2008), and without such an interest, his due-process claim is doomed, s*ee Marin-Garcia v. Holder*, 647 F.3d 666, 674 (7th Cir. 2011); *Frederick v. Holder*, 644 F.3d 357, 363–64 (7th Cir. 2011); *Champion v. Holder*, 626 F.3d 952, 957 (7th Cir. 2010).

Tandap advances two other arguments purporting to raise questions of law, but neither bears on his case. He contends first that the BIA erred in concluding that he made "material misrepresentations" to obtain an immigration benefit. *See* 8 U.S.C.

§ 1182(a)(6)(C)(i). But the Board never found that Tandap made material misrepresentations that disqualified him from adjusting status. Rather, it determined that the IJ had appropriately exercised his discretion to deny relief based on Tandap's untruthful testimony. *See Toby v. Holder*, 618 F.3d 963, 968 (8th Cir. 2010); *Sokolov*, 442 F.3d at 569–70. Tandap also urges that the BIA erred in finding his waiver application irrelevant, but as the BIA ruled, a waiver of inadmissibility would not have helped him because he was never found inadmissible and was denied relief as a matter of discretion.

The petition is DISMISSED for lack of jurisdiction.