# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2455

_____

Rolando Hernandez,                           *
                                             *
            Petitioner,                      *
                                             *
      v.                                     *   On Petition for Review of an
                                             *   Order of the Board of
                                             *   Immigration Appeals.
Eric H. Holder, Jr., Attorney General        *
of the United States of America,             *
                                             *
            Respondent.                      *

_____

Submitted: June 4, 2010
Filed: June 4, 2010

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

We issued a panel opinion in this matter on September 1, 2009. See Hernandez v. Holder, 579 F.3d 864 (8th Cir. 2009).[1] Rolando Hernandez filed for panel rehearing on the limited issue set forth in Part II.D of that opinion—whether we lack

_____

[1]This is now the third time we have addressed this case. In Hernandez v. Reno, 258 F.3d 806 (8th Cir. 2001), this court remanded Hernandez's petition for review to the Board of Immigration Appeals (BIA) for further consideration of its determination that Hernandez was statutorily ineligible for asylum. Id. at 815.

jurisdiction to review his challenge to the denial of his request for continuance—in light of a subsequent decision by the Supreme Court, Kucana v. Holder, 130 S. Ct. 827 (2010). The government has conceded that rehearing is appropriate. For the reasons set forth below, we grant the petition for rehearing and vacate Part II.D of our prior panel opinion. This grant of panel rehearing does not affect the other sections of our prior panel opinion.

I.

Because this immigration case has a long and drawn out history which is addressed, in detail, in both of our prior opinions, we only briefly summarize the facts relevant to the issue at hand. On November 15, 2006, Hernandez filed a motion for administrative closure and, in the alternative, a continuance for purposes of repapering.[2] The motion provided: "Respondent once again respectfully restates his position that this Court has independent authority, should it deny and/or pretermit Respondent's I-589 and Suspension applications, to postpone these proceedings for good cause while the proposed repapering rules are finalized." (Pet'r App. 97.) On January 10, 2007, the immigration judge (IJ) conducted Hernandez's individual merits

_____

[2]"'Repapering' is the process by which the Attorney General may terminate prior exclusion proceedings and instead initiate new removal proceedings. This process allows aliens previously in exclusion proceedings to apply for cancellation of removal, which would have otherwise been unavailable prior to the effective date of [the Illegal Immigration Reform and Immigration Responsibility Act of 1996]." Hernandez v. Holder, 579 F.3d 864, 868 n.6 (8th Cir. 2009) (quoting Ming-Hui Wu v. Holder, 567 F.3d 888, 890 n.4 (7th Cir. 2009)). In 2000, the Immigration and Naturalization Service (the functions of which were assumed by the Department of Homeland Security) and the Executive Office of Immigration Review submitted a proposed rule that would allow aliens to apply for repapering. See Delegation of Authority to the Immigration and Naturalization Service To Terminate Deportation Proceedings and Initiate Removal Proceedings, 65 Fed. Reg. 71,273 (proposed Nov. 30, 2000) (to be codified at 8 C.F.R. pts. 3, 240). To date, the repapering regulation has not been finalized.

hearing. The IJ asked counsel for the Department of Homeland Security (DHS) to respond to Hernandez's motion. DHS counsel responded:

> [T]he government is not willing to agree to administrative closure, that's simply an attempt to indefinitely continue the proceedings and in light of the lack of any re-papering regulations and frankly, being the same status as it has many years, the Government seeks the Court to fulfill its duty and [go] forward with the adjudication of the case.

(Id. at 253.)

The IJ rendered an oral decision at the hearing which, in part, denied Hernandez's motion, observing that "the Court does not believe that it has authority to administratively close this case on its own, without the consent of both parties." (Id. at 6.) The IJ further stated:

> [T]he Court would reiterate that it does not believe that it has authority on its own to administratively close this case for re-papering. The proposed regulation makes it clear that it is entirely within the discretion and authority of the Immigration Service to determine whether or not re-papering should take place. The Government has consistently refused to agree to administrative closure in this case, which reflects in my opinion the attitude of the Department of Homeland Security towards whether or not it should grant the discretionary relief of re-papering to this respondent. . . . [T]his Court cannot on its own go ahead and administratively close the case.

(Id. at 23-24.) The IJ did not separately address the request for a continuance which was also premised on the finalization of the repapering regulations.

Hernandez appealed to the Board of Immigration Appeals (BIA) which, as relevant here, affirmed the denial of his motion, stating:

> The Immigration Judge correctly ruled that he did not have the authority to agree to administrative closure over the objection of [DHS]. An Immigration Judge cannot administratively close deportation proceedings over the objection of either party. Matter of Lopez-Barrios, 20 I & N Dec. 203, 204 (BIA 1990). The respondent argues on appeal that the DHS opposition to administrative closure constitutes an abuse of discretion. We have no jurisdiction over appeals from the DHS['s] exercise of discretion.

(Id. at 2.) The BIA further explained that "the Immigration Judge did not err in not granting a continuance, as the possibility of a future promulgation of regulations that might represent a favorable change to . . . one party or the other does not generally constitute good cause for a continuance." (Id. at 3.) Hernandez petitioned this court for review, and we affirmed the denial of his motion for administrative closure and, in the alternative, a continuance. Hernandez petitions for panel rehearing on the denial of his request for a continuance.

## A.

When we first addressed the denial of Hernandez's motion for a continuance, controlling circuit precedent dictated our conclusion that we lacked jurisdiction to review the denial. See Castro-Pu v. Mukasey, 540 F.3d 864, 869 (8th Cir. 2008); see also 8 U.S.C. § 1252(a)(2)(B)(ii) (providing that no court shall have jurisdiction to review "any . . . decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General"); 8 C.F.R. § 1003.29 ("The Immigration Judge may grant a motion for continuance for good cause shown."); Onyinkwa v. Ashcroft, 376 F.3d 797, 799 (8th Cir. 2004) (holding that 8 U.S.C. § 1252(a)(2)(B) deprived this court of jurisdiction to review an IJ's denial of a continuance because 8 C.F.R. § 1003.29 had made such decisions discretionary). Subsequently, the Supreme Court held in Kucana that section 1252(a)(2)(B)'s "proscription of judicial review" only "applies . . . to Attorney General determinations made discretionary by statute" and not those "determinations

-4-

declared discretionary by the Attorney General himself through regulation." 130 S. Ct. at 831. This court has already recognized the impact of Kucana on our precedent, stating that it "effectively overruled our decision in Onyinkwa." Thimran v. Holder, 599 F.3d 841, 845 (8th Cir. 2010). Because an IJ's discretion to deny a request for a continuance arises from a regulation, 8 C.F.R. § 1003.29, we possess jurisdiction to consider the denial of Hernandez's motion for continuance under Kucana. See Thimran, 599 F.3d at 844-45. Therefore, we turn to the merits of Hernandez's claim.

We review the BIA's denial of Hernandez's motion for a continuance for abuse of discretion.[3] See id. at 845. Hernandez claims that a continuance is warranted because he may be entitled to some relief under the proposed repapering regulation. A continuance "may [be] grant[ed] . . . for good cause shown." See 8 C.F.R. § 1003.29. We find no abuse of discretion in the BIA's determination that Hernandez has not met this good cause-standard where, in light of the uncertainty as to when the long-pending repapering regulation will be promulgated, he is essentially seeking an indefinite continuance. See Thimran, 599 F.3d at 845 (observing that "[t]he IJ traditionally has discretion to avoid unduly protracted proceedings" (quotation omitted)). Therefore, we deny Hernandez's petition for review of the denial of his motion for continuance.

B.

In Part II.D of our prior opinion, we also concluded that we lacked jurisdiction to consider the denial of Hernandez's motion for administrative closure because (1)

---

[3]"We review the BIA's decision as the final agency action, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." Lovan v. Holder, 574 F.3d 990, 993 (8th Cir. 2009) (quotation omitted); see also Marroquin-Ochoma v. Holder, 574 F.3d 574, 577 (8th Cir. 2009) ("Where, as here, the BIA adopts the decision of an IJ but adds additional reasoning, we review both decisions.").

it was essentially the same as a request for continuance which we lacked jurisdiction to review and (2) there was no meaningful standard by which we could review the denial. Aside from declining review for lack of jurisdiction, we observed that administrative closure was properly denied because DHS objected to Hernandez's request such that the IJ and BIA lacked discretion to grant it. Hernandez does not petition the panel for rehearing on the denial of administrative closure issue. However, in light of our reliance, in part, on our now overruled case law concerning continuances, we must address it.

"Administrative closure is a procedural convenience that may be granted if both parties to the removal proceedings agree, but it does not constitute a final order. Rather, administrative closure of a case temporarily removes a case from an immigration judge's calendar or from the Board's docket." Lopez-Reyes v. Gonzales, 496 F.3d 20, 21 (1st Cir. 2007) (citations omitted); see In re Gutierrez-Lopez, 21 I. & N. Dec. 479, 480 (BIA 1996) ("A case may not be administratively closed if opposed by either of the parties."). Administrative closure is not a matter of statute or regulation. See Diaz-Covarrubias v. Mukasey, 551 F.3d 1114, 1118 (9th Cir. 2009). "It is merely an administrative convenience which allows the removal of cases from the calendar in appropriate situations." In re Gutierrez-Lopez, 21 I. & N. Dec. at 480 (quotation omitted). Kucana held that section 1252(a)(2)(B) only bars our review of the IJ's discretionary decisions when the discretion is granted by statute. See 130 S. Ct. at 831. Thus, section 1252(a)(B)(ii) does not proscribe our review of the denial of Hernandez's motion for administrative closure because the IJ's discretion to grant such a motion is not a matter of statute.

However, our alternative reason for concluding that we lacked jurisdiction to consider the denial of an administrative closure—the lack of a meaningful standard upon which to review the decision—remains. See Diaz-Covarrubias, 551 F.3d at 1120 ("Because we cannot discover a sufficiently meaningful standard against which to judge the BIA's decision, we lack jurisdiction to review the BIA's denial of [the

petitioner's] request for administrative closure." (quotation omitted)); Lin v. Att'y Gen. of U.S., 127 F. App'x 36, 39 (3d Cir. 2005) (unpublished) (same). Thus, we lack jurisdiction over the denial of Hernandez's motion for administrative closure.

We further note that, even if we had jurisdiction, Hernandez's request was properly denied because the IJ and the BIA lack discretion to administratively close a case where either party objects, and, here, DHS objected to Hernandez's request. See Lopez-Reyes, 496 F.3d at 21 ("[N]either an Immigration Judge nor the BIA may administratively close a case where . . . DHS objects." ).

II.

In sum, we grant Hernandez's petition for panel rehearing and vacate Part II.D of our prior panel opinion. We now hold that we have jurisdiction to consider Hernandez's petition for review of the BIA's denial of his motion for continuance but conclude that the BIA did not abuse its discretion in denying the continuance, and, therefore, we deny Hernandez's petition on that ground. We further dismiss Hernandez's petition for review of the denial of his request for administrative closure for lack of jurisdiction. Otherwise, our prior panel opinion and instructions remain in effect.

_____