# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-2514

———————————————

Moussa Diaw Diallo

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: February 14, 2013
Filed: May 31, 2013

——————————

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

——————————

SHEPHERD, Circuit Judge.

Moussa Diaw Diallo petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming denial of his petition for adjustment of status. We deny Diallo's petition for review because we do not have jurisdiction to review discretionary denials of adjustment of status. See 8 U.S.C. § 1252(a)(2)(B)(i) (referencing 8 U.S.C. § 1255).

## I.

The government initiated removal proceedings against Diallo, a Senegalese citizen, after he failed to comply with the conditions of his non-immigrant student visa. Diallo sought relief from removal in the form of adjustment of status under 8 U.S.C. § 1255(a). An Immigration Judge ("IJ") denied Diallo's requested relief, finding that Diallo was statutorily ineligible for adjustment of status because he provided material support to a terrorist organization while in Senegal. See 8 U.S.C. § 1182(a)(3)(B). The IJ further held that even if Diallo was eligible for relief, the IJ would deny relief as a matter of discretion. The IJ also denied Diallo's motion to administratively close the proceedings. The BIA affirmed, and Diallo now petitions for review of that decision.

## II.

Diallo raises three primary issues in his petition. First, he argues the IJ and BIA violated his due process rights by failing to administratively close his case. Second, he challenges the BIA's affirmance of the IJ's adverse credibility findings concerning his involvement with a terrorist organization. Third, he argues the IJ and BIA erred in finding he was statutorily barred from adjustment of status. The government responds that we lack jurisdiction to hear Diallo's claims. Because we agree with the government, we deny Diallo's petition.

We review de novo whether we have subject-matter jurisdiction. United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010). We generally do not have jurisdiction to review discretionary denials of adjustment of status. See 8 U.S.C. § 1252(a)(2)(B)(i) (referencing 8 U.S.C. § 1255). We do, however, have jurisdiction to review those denials to the extent that they involve "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). "Only the BIA order is subject to our

review, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006).

Diallo initially asserts that section 1252(a)(2)(B)(i) does not affect our jurisdiction here because the IJ and BIA denied him relief on statutory, rather than discretionary, grounds. However, the IJ stated that even if Diallo was statutorily eligible for adjustment of status, the IJ "would nonetheless deny his application as a matter of discretion." The IJ then explained why the negative factors in Diallo's case outweighed the positive factors. The BIA adopted and affirmed this portion of the IJ's decision, stating that it found "no reason to disturb the Immigration Judge's decision denying the respondent's application for adjustment of status in his discretion based upon his finding that the respondent participated in terrorist activities." Thus, because the BIA denied Diallo adjustment of status in its discretion, we only have jurisdiction to review Diallo's challenges to the extent that they involve legal or constitutional claims. See 8 U.S.C. § 1252(a)(2)(D).

Diallo attempts to characterize his first challenge as a constitutional one, arguing that the IJ and BIA violated his due process rights by failing to administratively close his removal case so that he could pursue other forms of discretionary relief through different agency avenues. We have previously held, however, that because "[a]dministrative closure is not a matter of statute or regulation," but rather "is merely an administrative convenience," we cannot review denials of administrative closure because we "lack . . . a meaningful standard upon which to review the decision." Hernandez v. Holder, 606 F.3d 900, 904 (8th Cir. 2010) (internal quotation marks omitted). Moreover, Diallo had no due process right to pursue discretionary relief through other agency avenues because "we have repeatedly held that there is no constitutionally protected liberty interest in discretionary relief from removal." See Ibrahimi v. Holder, 566 F.3d 758, 766 (8th Cir. 2009) (internal quotation marks omitted). Consequently, Diallo has not stated a

colorable legal or constitutional challenge relating to the denial of administrative closure, and section 1252(a)(2)(B)(i) bars our review of this claim.[1] See id. at 767.

Diallo next argues the BIA erred by affirming the IJ's adverse credibility findings. "Because his adverse credibility challenge raises a fact question, this court lacks jurisdiction to review [his] claim." Nadeem v. Holder, 599 F.3d 869, 872 (8th Cir. 2010).

Finally, Diallo argues the IJ and the BIA erred in finding he was statutorily barred from adjustment of status because Diallo testified he did not knowingly provide material support to a terrorist organization. This argument is a repackaged challenge to the IJ's adverse credibility findings, and we consequently lack jurisdiction to review it. See id. Even if we were to interpret it as a legal challenge, however, "[i]t is . . . immaterial whether [Diallo] was statutorily ineligible for adjustment of status, because the IJ separately denied adjustment as a matter of discretion . . . ." See Toby v. Holder, 618 F.3d 963, 967-68 (8th Cir. 2010). For the reasons explained above, this discretionary denial of relief is not reviewable, and it serves as an independent, dispositive basis for the BIA's decision. See id.

### III.

Accordingly, we deny Diallo's petition for review.

_____

---

[1]Diallo separately faults the BIA for not explicitly addressing his argument that the IJ's failure to administratively close his case violated his due process rights. The BIA did, however, explain why the IJ's denial of administrative closure was proper, and "an alien has no constitutional right to a full-blown written opinion on every issue." See Doe v. Holder, 651 F.3d 824, 831 (8th Cir. 2011).