**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-1543**

---

JOSE SANTOS-AMAYA,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: October 22, 2013     Decided: October 25, 2013

---

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Stuart F. Delery, Assistant Attorney General, David V. Bernal, Assistant Director, Jennifer Paisner Williams, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Santos-Amaya, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order directing that he be removed to El Salvador. Santos-Amaya contends that it was an error to deny his motion to administratively close proceedings until 2018, when he would have established ten years' continuous presence in accordance with 8 C.F.R. § 1240.66(c)(1)-(4) (2013) for the purpose of being prima facie eligible for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160 (1997). We deny the petition for review.

We review the decision to deny a motion to administratively close a case for abuse of discretion. Garza-Moreno v. Gonzales, 489 F.3d 239, 242 (6th Cir. 2007). The Board abuses its discretion when it "fails to offer a reasoned explanation for its decision, [or] distorts or disregards important aspects of the alien's claim." Jian Tao Lin v. Holder, 611 F.3d 228, 235 (4th Cir. 2010) (internal quotation marks omitted). We conclude that the Board and the immigration judge gave due consideration to the factors stated in Matter of Avetisyan, 25 I. & N. Dec. 688, 696 (B.I.A. 2012). We also

2

conclude that Santos-Amaya was not denied an opportunity to be heard on this issue.[*]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

---

[*] The Attorney General contends that this court does not have jurisdiction to review the denial of a motion for administrative closure because the decision to deny the motion was within the Board's and the immigration judge's unfettered discretion. While this is an open question, we conclude that in this instance there exists a judicially manageable standard of review. See Vahora v. Holder, 626 F.3d 907, 917-18 (7th Cir. 2007).