# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3281

_____

Salvador Gonzalez-Vega

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 20, 2016
Filed: October 14, 2016

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After an immigration judge denied Salvador Gonzalez-Vega's request for administrative closure of his immigration proceedings, he asked the Board of Immigration Appeals to review the IJ's decision and also asked the BIA to exercise its own independent authority to grant administrative closure. The BIA upheld the IJ's decision but did not rule on Gonzalez-Vega's second request, and he appealed. We

affirm the BIA's affirmance of the IJ's determination, but we remand the case to the BIA to rule on his request for administrative closure.

Gonzalez-Vega is a Mexican citizen who entered the United States in 2004 without authorization. The Department of Homeland Security initiated removal proceedings in 2012, asserting that he was removable as an alien who was present in the country without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Gonzalez-Vega conceded that he was removable.

Being ineligible for more prosaic forms of relief from removal like asylum or cancellation of removal, Gonzalez-Vega requested administrative closure from the IJ. When an IJ or the BIA grants administrative closure, the alien's removal proceedings are temporarily removed from the IJ's calendar or from the BIA's docket, and no judgment on the merits is entered. *Hernandez v. Holder,* 606 F.3d 900, 904 (8th Cir. 2010). The case is simply on hold. The IJ and BIA use this procedural convenience to control the immigration docket. Administrative closure may be appropriate, for instance, in anticipation of an event relevant to the immigration proceedings that the parties cannot control and that may not occur soon. *In re Avetisyan*, 25 I. & N. Dec. 688, 692 (BIA 2012).

In support of his request, Gonzalez-Vega explained that his wife had given birth to his son in the United States in January, 2014, and that this son could sponsor a visa petition on Gonzalez-Vega's behalf once the son turned 21. He also maintained that the son would suffer extreme hardship without Gonzalez-Vega's paternal care and financial support; that potential future changes in law and executive policy could make his removal a lower administrative priority than the removal of other aliens; that his continued presence in the United States would allow him to support two other sons living in Mexico; that he has strong ties to the community; that Mexico is too dangerous to live in; and that he has an inconsequential criminal record. The IJ denied Gonzalez-Vega's request for administrative closure, emphasizing that his infant son

would not turn 21 within a reasonable time, and the lack of a pending visa application made the anticipated duration of closure indefinite.

We first consider whether we have jurisdiction. We held in *Hernandez* that we lack jurisdiction to review the denial of a motion for administrative closure because there was no meaningful standard by which to review that decision. Gonzalez-Vega maintains that the BIA supplied the missing standard after *Hernandez* when it promulgated the following non-exclusive considerations that an IJ and the BIA should contemplate when confronted with an administrative-closure request: the reason administrative closure is sought, the reason administrative closure is opposed, the likelihood the other action being pursued outside of removal proceedings will succeed, the anticipated duration of the closure, the responsibility of either party in contributing to any current or anticipated delay, and the ultimate outcome of the removal proceeding once it recommences. *See Avetisyan*, 25 I. & N. Dec. at 696.

The government argues that we reaffirmed our holding in *Hernandez* that denials of motions for administrative closure are unreviewable when we decided *Diallo v. Holder*, 715 F.3d 714, 716 (8th Cir. 2013) over a year after the BIA decided *Avetisyan*, meaning that *Diallo* requires us to reject Gonzalez-Vega's argument. But nothing in *Diallo* indicates that we considered *Avetisyan's* potential effect on *Hernandez*; indeed, the court never even mentions *Avetisyan* nor did the parties raise the point. "[W]e are generally not bound by a prior panel's implicit resolution of an issue that was neither raised by the parties nor discussed by the panel." *Streu v. Dormire*, 557 F.3d 960, 964 (8th Cir. 2009).

We agree with Gonzalez-Vega that the BIA in *Avetisyan* supplied a useable standard for reviewing denials of motions for administrative closure. Balancing considerations is a common, workaday judicial function, even if in a given case the balancing can be difficult. We therefore join the other circuits that have held that circuit courts have jurisdiction to review denials of motions for administrative

-3-

closure, assuming, of course, that other judicial prerequisites (like finality) are satisfied. *See Duruji v. Lynch*, 630 F. App'x 589, 592 (6th Cir. 2015) (unpublished); *Santos-Amaya v. Holder*, 544 F. App'x 209, 209 (4th Cir. 2013) (unpublished per curiam).

We review the denial of a motion for administrative closure for abuse of discretion. *See Santos-Amaya*, 544 F. App'x at 209. The BIA abuses its discretion when it makes a decision "without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." *Habchy v. Filip*, 552 F.3d 911, 913 (8th Cir. 2009). The BIA must consider the issues raised and decide in terms sufficient to allow us "to perceive that it has heard and thought and not merely reacted." *Omondi v. Holder*, 674 F.3d 793, 800 (8th Cir. 2012).

Since the BIA essentially adopted the IJ's reasoning on this point, we review the IJ's decision. *See Garcia-Gonzalez v. Holder*, 737 F.3d 498, 500 (8th Cir. 2013). We discern no abuse of discretion here. The IJ explained that the *Avetisyan* considerations govern and proceeded to hold that the two-decade closure period weighed heavily against closure, and we agree. The possibility of a successful visa petition was too remote: No application was pending, nor could one be for almost 21 years. That the IJ weighed some considerations, like the anticipated duration of the closure, more heavily than Gonzalez-Vega would prefer does not mean that the IJ abused its discretion. Nor does an IJ have to recite the considerations mechanically when applying them to the facts. We require only that it be clear from the record that the IJ had the appropriate considerations in mind and committed no clear error of judgment in weighing them. We are convinced that the IJ had the *Avetisyan* considerations firmly in mind here and committed no clear error of judgment in weighing them: She recited each of them and referred to *Avetisyan* several times in her analysis. We also conclude that the IJ did not abuse its discretion by being

unmoved by Gonzalez-Vega's arguments in favor of administrative closure, so we affirm on this point.

Gonzalez-Vega also argues that the BIA abused its discretion by failing to address his request that it exercise its independent authority to grant administrative closure. Although the BIA need not write an exegesis on every contention a movant advances, it must give an explanation specific enough that we can discern and evaluate its reasoning. *Omondi*, 674 F.3d at 800. Our reading of the BIA's opinion reveals that it focuses only on the IJ's decision: Nowhere does the BIA allude to Gonzalez-Vega's request that it exercise its independent authority. The government maintains that the BIA implicitly rejected the request for administrative closure because it considered an argument about imminent immigration reform that Gonzalez-Vega did not advance before the IJ. Gonzalez-Vega correctly points out, however, that he made this argument to the IJ and that he broached the subject to the BIA to support his contention that the IJ erred. So it is unclear to us whether the BIA heard and thought about Gonzalez-Vega's alternative request. We therefore remand the matter to the BIA to consider whether Gonzalez-Vega's request "warrants a favorable exercise of the BIA's discretion." *See Clifton v. Holder*, 598 F.3d 486, 494 (8th Cir. 2010).

Affirmed in part and remanded in part.

_____