**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1175
_____

ROMAN MOLDAVCHUK,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

Petition for Review of an Order of
the Board of Immigration Appeals
(Agency No. A096-109-377)
Immigration Judge: Honorable Charles M. Honeyman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 2, 2017
_____

Before: SHWARTZ and ROTH, Circuit Judges, and PAPPERT,[*] District Judge.

(Opinion Filed: December 4, 2017)

_____

OPINION[**]
_____

_____

[*] Honorable Gerald J. Pappert, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Roman Moldavchuk petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen. Because the BIA correctly concluded that Moldavchuk's motion was untimely and not subject to equitable tolling and because we lack jurisdiction to review his argument that the BIA should have sua sponte reopened his removal proceedings, we will deny the petition in part and dismiss it in part.

I

Moldavchuk is a native and citizen of Ukraine. In November 1997, he was admitted to the United States as a visitor for a period not to exceed six months but stayed beyond the six-month period without authorization. In July 2004, Moldavchuk was served with a notice to appear, charging him with removability under 8 U.S.C. § 1227(a)(1)(B) as an alien who remained in the United States longer than permitted.

In October 2004, Moldavchuk appeared before an Immigration Judge ("IJ") with counsel Andre Michniak and conceded the charges in the notice to appear. He indicated that he would be seeking to adjust his status to become a permanent resident and that he had filed a labor certification sponsored by a U.S.-based roofing company, which stated that it would hire Moldavchuk because of his skill as a copper sheet metal mechanic and that there were insufficient U.S. workers to fulfill its needs. Between October 2004 and February 2008, the proceedings before the IJ were continued several times to allow both this and a second labor certification sponsored by a different roofing company to be processed. In February 2008, Moldavchuk appeared before the IJ, by which point his

2

second labor certification had been approved,[1] and he stated that he would be filing a Form I-140 employment-based visa petition based on the labor certification. Between February 2008 and September 2009, the IJ provided Moldavchuk additional continuances to file the visa petitions, which were subsequently denied.

In September 2009, Moldavchuk appeared before the IJ and sought his seventh continuance of the proceedings to allow him to again attempt to adjust his status. This time he sought adjustment based upon his relationship with Hanna Oros, a lawful permanent resident and a naturalization applicant with whom he had a two-year-old U.S. citizen child. Moldavchuk stated that they intended to marry but had not set a date for the wedding because Oros was attending school and her financial aid was contingent on her being unmarried. The IJ denied his motion because Moldavchuk: (1) had received many continuances over the course of five years; (2) produced no supporting documentation regarding his relationship with Oros, her naturalization application, or his parentage of the child; and (3) had set no specific date to marry Oros. In addition, Moldavchuk's Form I-140 visa petition had been denied twice, and he had no employment-based visa petition pending. The IJ concluded that Moldavchuk's future eligibility for adjustment of status was speculative and that he had failed to show good cause for another continuance. The IJ then ordered Moldavchuk removed to Ukraine.

Moldavchuk appealed to the BIA. However, in January 2010, Michniak withdrew as counsel because Moldavchuk failed to pay his legal fees. Moldavchuk proceeded pro

---

[1] Moldavchuk's first labor certification was apparently never approved.

3

se before the BIA and did not file a brief in support of his appeal. In April 2011, the BIA dismissed the appeal, agreeing with the IJ's conclusion that Moldavchuk's eligibility for adjustment of status was too speculative.

Meanwhile, in December 2009, Moldavchuk married Oros, and they hired attorney James Orlow to represent them in filing a Form I-130 family-based visa petition and a Form I-485 application for adjustment of status. Orlow entered an appearance with the Department of Homeland Security ("DHS") and indicated that his appearance was in regard to "I-130/All Immigration Matters" before the United States Citizenship and Immigration Services ("USCIS"). A.R. 143. In January 2010, Orlow filed a Form I-130 petition with the DHS on behalf of Moldavchuk that was sponsored by Oros. However, Moldavchuk and Oros's relationship subsequently became acrimonious, and Orlow informed Moldavchuk that he could no longer represent them due to their conflict. In March 2011, Oros withdrew the Form I-130 visa petition. Around this time, Moldavchuk consulted with a different attorney, who told Moldavchuk that nothing could be done about his immigration case. In the summer of 2012, Moldavchuk consulted with another attorney, who also told him that nothing could be done about his case. In November 2012, Moldavchuk and Oros divorced.

In May 2016, Moldavchuk married Zoya Barmashenko, a U.S. citizen, and they subsequently filed a Form I-130 visa petition through their current attorney. In August 2016, Moldavchuk sent Orlow a proposed disciplinary complaint, complaining that Orlow should have moved to remand his case from the BIA to the IJ based on the Form I-130 visa petition he filed on behalf of Moldavchuk and Oros. Moldavchuk stated that,

4

had Orlow filed a motion to remand, he would have been able to properly file a Form I-485 application for adjustment of status with the IJ and would have been able to seek administrative closure of his case based on the fact that he had a U.S. citizen child and no criminal record. Moldavchuk asserts that because Orlow did not file such a motion, the BIA instead dismissed his case and ordered him removed. Orlow responded to the complaint and stated that he would not have been able to make any application with the court until the Form I-130 was approved. Moldavchuk sent the complaint to the Disciplinary Board of the Supreme Court of Pennsylvania, but the complaint was dismissed as untimely.

In September 2016, Moldavchuk filed a motion to reopen with the BIA. Moldavchuk argued that his case should be reopened because Orlow was ineffective in failing to file a motion to remand with the BIA. He further argued that, absent Orlow's errors, he could have sought the favorable exercise of prosecutorial discretion and that, contrary to Orlow's belief, Orlow could have moved to remand his case before the Form I-130 petition was approved. In the alternative, Moldavchuk requested that the BIA sua sponte reopen his case because it presented exceptional circumstances.

The BIA denied Moldavchuk's motion to reopen. The BIA concluded that: (1) the motion was untimely; (2) Moldavchuk did not qualify for equitable tolling of the deadline based on his ineffective assistance of counsel claim because he did not show that he exercised due diligence in pursuing such a claim; (3) even if equitable tolling applied, the evidence did not show the deadline would have been tolled throughout the entire period to result in the motion to reopen being deemed timely; (4) Moldavchuk did not show that

5

the scope of Orlow's representation covered proceedings before the IJ or BIA; (5) given that Oros withdrew the Form I-130 visa petition she sponsored on Moldavchuk's behalf, there was no pending visa petition that could have served as a basis for remand and, even if the case were remanded, there would have been no basis to grant him adjustment of status; (6) in the absence of a pending visa petition, Moldavchuk cannot show that there is a reasonable likelihood he would have been granted administrative closure; (7) the possibility that Moldavchuk could have been granted prosecutorial discretion is a matter within the authority of the DHS, not the IJ or BIA, and hence any requests for prosecutorial discretion presented to them would have been misdirected; and (8) Moldavchuk's case did not present an exceptional situation that would warrant the BIA's exercise of discretion to reopen his case sua sponte. Moldavchuk petitions for review.

II

A

The BIA had jurisdiction to consider Moldavchuk's motion to reopen under 8 C.F.R. § 1003.2(a) and (c). We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252 and review the denial of a motion to reopen for abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under the abuse of discretion standard, we will reverse the BIA's decision only if it is arbitrary, irrational, or contrary to law. Id. We review the factual findings related to the motion for substantial evidence. Id. Under the substantial evidence standard, factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)) (internal quotation

6

marks omitted).  We apply de novo review to questions of law, including whether

Moldavchuk received ineffective assistance of counsel.  Fadiga v. Att'y Gen., 488 F.3d

142, 153–54 (3d Cir. 2007).

B

A motion to reopen removal proceedings "must be filed no later than 90 days after

the date on which the final administrative decision was rendered."  8 C.F.R.

§ 1003.2(c)(2).  Here, the BIA rendered its final decision in April 2011, but Moldavchuk

did not file his motion to reopen until over five years later in September 2016.

Accordingly, Moldavchuk's motion is untimely unless he can show that the time period

should be equitably tolled.  Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) (per

curiam).

Ineffective assistance of counsel may provide a basis for equitable tolling.  Id.  To

establish an ineffective assistance of counsel claim, an alien must show that (1) counsel's

performance was deficient, such that "competent counsel would have acted otherwise"

and (2) counsel's poor performance resulted in prejudice.  Fadiga, 488 F.3d at 157

(internal quotation marks omitted).  To prove prejudice, an alien must show a reasonable

likelihood that, absent counsel's errors, the result of the removal proceeding would have

been different.  Id. at 158-59.[2]  However, even where an alien establishes an ineffective

---

[2] In addition to the substantive requirements for proving ineffective assistance of counsel, an alien must also satisfy certain procedural requirements.  See In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988) (requiring that, in pursuing a motion to reopen based upon ineffective assistance of counsel, an alien must (1) provide an affidavit in which the alien attests to the relevant facts, (2) inform former counsel of the allegations and give counsel the opportunity to respond, and (3) indicate whether a complaint has been filed

7

assistance of counsel claim, that claim may not serve as a basis for equitable tolling unless the alien acted with due diligence during the entire period for which equitable tolling is sought. Alzaarir, 639 F.3d at 90.

Moldavchuk is not entitled to equitable tolling based on his claim that Orlow was ineffective in failing to file a motion to remand with the BIA. First, the record does not show that Moldavchuk acted with due diligence. Moldavchuk consulted with an attorney in 2012 but did not make another filing in the immigration proceedings until 2016. This four-year gap in time alone provides substantial support for the BIA's conclusion that Moldavchuk did not act with diligence. Moreover, the record contains no evidence regarding what actions Moldavchuk took during these four years, and therefore we have no basis to reach a conclusion contrary to that reached by the BIA.

Second, the record supports the conclusion that Orlow's performance was not deficient. Orlow entered an appearance with DHS, specifically indicating that he would be representing Moldavchuk in filing a Form I-130 and other immigration matters before the USCIS. Orlow did not enter an appearance before the IJ or BIA. Indeed, the record shows that Michniak represented Moldavchuk before the IJ and BIA. Therefore, the record does not show Orlow was responsible for representing Moldavchuk before the BIA, and thus he could not have been deficient in failing to file a motion to remand with the BIA when such an action was outside the scope of his representation. While

---

against counsel with the appropriate disciplinary authorities); see also Xu Yong Lu v. Ashcroft, 259 F.3d 127, 133 (3d Cir. 2001) (holding that the BIA's creation of the Lozada requirements was valid and within its discretion). The Government does not challenge that Moldavchuk substantially complied with these requirements.

Moldavchuk stated that he "believed" Orlow would take any action necessary to ensure his status was adjusted, including making filings with the BIA, there is no evidence in the record to substantiate that belief. A.R. 45.

Finally, Moldavchuk was not prejudiced by Orlow's failure to file a motion to remand, as there is no indication that the result of the removal proceedings would have been different even if Orlow filed a motion to remand and the motion was granted. Because Oros withdrew the Form I-130 visa petition filed on Moldavchuk's behalf, there was no longer a pending visa petition that could have rendered Moldavchuk eligible for adjustment of status on remand. Seemingly realizing this fact, Moldavchuk argues instead that he would have been eligible to seek (1) administrative closure of his case based on the fact that he had a U.S. citizen child who could have sponsored a visa petition on his behalf once she turned twenty one, or (2) the favorable exercise of prosecutorial discretion. At the time of the BIA's final decision in April 2011, Moldavchuk's child was approximately four years old. We cannot conclude that the BIA erred in determining that there was not a "reasonable likelihood" that Moldavchuk's case would have been administratively closed, A.R. 4, because it is highly unlikely that the IJ would have granted an administrative closure of Moldavchuk's case for a period of seventeen years based on the possibility that his child would file a visa petition on his behalf when she turned twenty one. See In re Avetisyan, 25 I. & N. Dec. 688, 696 (BIA 2012) (explaining that, in evaluating a request for administrative closure, the IJ or BIA consider, among other things, the anticipated duration of the closure); see also Gonzalez-Vega v. Lynch, 839 F.3d 738, 741 (8th Cir. 2016) (concluding that the IJ did not abuse its

9

discretion in denying the alien's request for administrative closure based on the theory that his infant son could ultimately sponsor a visa petition on his behalf, and explaining that the anticipated two-decade closure period "weighed heavily against closure" and that "[t]he possibility of a successful visa petition was too remote"). With respect to the issue of prosecutorial discretion, Orlow's failure to file a motion to remand did not in any way prejudice Moldavchuk's ability to seek prosecutorial discretion. The authority to exercise prosecutorial discretion is committed exclusively to the DHS, and an alien may request prosecutorial discretion from the DHS at any stage of removal proceedings. In re Quintero, 18 I. & N. Dec. 348, 350 (BIA 1982); see also 8 U.S.C. § 1103(a)(1) (noting that the Secretary of Homeland Security is "charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens"); Matter of Ramirez-Sanchez, 17 & N. Dec. 503, 504 (BIA 1980) ("The decision to institute deportation proceedings involves the exercise of prosecutorial discretion and is one which neither the [IJ] nor this Board reviews."). Accordingly, Orlow's failure to move to remand Moldavchuk's case to the IJ had no impact on Moldavchuk's ability to request prosecutorial discretion from the DHS. Therefore, Moldavchuk has failed to identify any way in which he was prejudiced by Orlow's failure to file a motion to remand.

For these reasons, we conclude that Moldavchuk's motion was untimely, and there was no ineffective assistance of counsel that tolled the deadline. We will therefore deny the petition for review of the BIA's decision denying Moldavchuk's motion to reopen.

C

10

Moldavchuk also argues that the BIA abused its discretion in declining to sua sponte reopen his proceedings under 8 C.F.R. § 1003.2(a). However, the BIA's decision to decline sua sponte reopen proceedings is "committed to its unfettered discretion" and is virtually immune from judicial review. Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir. 2003) (internal quotation marks omitted). There are only two grounds that allow us to review such a discretionary decision and neither applies here.[3] Accordingly, we lack jurisdiction to review the BIA's decision to deny his request to sua sponte reopen his case.

## III

For the foregoing reasons, we will deny Moldavchuk's petition for review in part and dismiss it in part.

---

[3] We have limited authority to act when asked to review the denial of a request for sua sponte reopening in two situations. See Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011) (permitting remand where the BIA's decision to deny sua sponte reopening is predicated on a "false legal premise"); Calle-Vujiles, 320 F.3d at 475 (permitting review where the agency is acting "by rule or by settled course of adjudication" which indicates that "a general policy" is governing its exercise of discretion (internal quotation marks omitted)).

11