**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1529**

LUIS A. SANCHEZ,

    Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 22, 2018                    Decided: March 28, 2018

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Brendan P. Hogan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis A. Sanchez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's decision ordering him removed to Honduras. For the reasons set forth below, we deny the petition for review.

Sanchez first argues that the agency denied him an opportunity to pursue his application for asylum and withholding of removal and to argue the merits of his application for cancellation of removal in violation of his rights to due process. To succeed on a procedural due process claim, Sanchez must demonstrate "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." *Anim v. Mukasey,* 535 F.3d 243, 256 (4th Cir. 2008); *accord Rusu v. INS,* 296 F.3d 316, 320-22 (4th Cir. 2002). A reviewing court may find prejudice only "when the rights of an alien have been transgressed in such a way as is likely to impact the results of the proceedings." *Rusu,* 296 F.3d at 320 (alteration and internal quotation marks omitted); *accord Nardea v. Sessions,* 876 F.3d 675, 681 (4th Cir. 2017).

Based on our review of the record, we conclude that Sanchez cannot demonstrate a defect in the proceeding that rendered it fundamentally unfair where the record demonstrates that he had previously withdrawn his asylum application and he affirmatively stated that he had no pending applications at the time of his removal hearing. Additionally, Sanchez conceded at his removal hearing that his period of continuous physical presence in the United States ended on August 27, 1997, when he was served with a notice to appear. *See* 8 U.S.C. § 1229b(d)(1) (2012) ("[A]ny period of . . . continuous physical presence in

2

the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title."); *Urbina v. Holder,* 745 F.3d 736, 739 (4th Cir. 2014). Thus, he is statutorily ineligible for cancellation of removal and the immigration judge had no need to consider his application on the merits.

Sanchez next argues that the immigration judge abused his discretion in denying his motion for a continuance to allow for the adjudication of his wife's I-130 Petition for Alien Relative. An immigration judge "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2017). We review the denial of a motion for a continuance for abuse of discretion. *Lendo v. Gonzales,* 493 F.3d 439, 441 (4th Cir. 2007); *Onyeme v. INS,* 146 F.3d 227, 231 (4th Cir. 1998). We "must uphold the [immigration judge]'s denial of a continuance 'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, *e.g.,* invidious discrimination against a particular race or group.'" *Lendo,* 493 F.3d at 441 (quoting *Onyeme,* 146 F.3d at 231).

Upon review, we conclude that the Board did not abuse its discretion in upholding the denial of Sanchez's request for a continuance. Considering the factors set forth in *In re Hashmi,* 24 I. & N. Dec. 785, 790 (B.I.A. 2009), the agency properly noted that Sanchez has never provided evidence that an I-130 petition is pending or evidence of his prima facie eligibility for adjustment of status. We also find no abuse of discretion in the agency's denial of Sanchez's motion for administrative closure. *See Gonzalez-Vega v. Lynch,* 839 F.3d 738, 741 (8th Cir. 2016) (setting forth standard of review). The record reveals that Sanchez requested administrative closure to apply for a "stateside waiver," also known as

3

a provisional unlawful presence waiver. Absent a showing that he is the beneficiary of an approved I-130 petition, Sanchez is ineligible for this type of waiver. *See* 8 C.F.R. § 212.7(e)(3)(iv)(A) (2017).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*