# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-2775
_____

Mario Avendano-Elvira

*Petitioner*

v.

Merrick B. Garland,[1] Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: April 14, 2021
Filed: July 30, 2021
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Mario Avendano-Elvira, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision upholding the immigration judge's (IJ) decision denying his request for cancellation of removal. We deny his petition for review.

_____

[1]Respondent Garland was automatically substituted for his predecessor pursuant to Fed. R. App. P. 43(c)(2).

Avendano-Elvira entered the United States in 2004 without being lawfully admitted and lived in Missouri with his wife and two children. Avendano-Elvira also worked in Missouri, serving as the sole financial provider for his family while his wife worked in the home, helping the children with their speech disabilities. In May 2015, the Department of Homeland Security charged Avendano-Elvira with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (which defines as inadmissible a person present in the United States without being admitted or paroled) and issued a Notice to Appear to him. He admitted the factual allegations against him and conceded the charge contained in the Notice to Appear before requesting cancellation of removal, citing the impact that his removal would have on his family, particularly his two disabled children.

Avendano-Elvira appeared before IJ Paula Davis for his initial hearing, then before IJ Susan Castro, who accepted his application for cancellation of removal, and then before IJ Denise Brown for a merits hearing. Avendano-Elvira and his wife testified at the merits hearing. His wife testified that if he were removed, she and the children would remain in the United States to maintain her Deferred Action for Childhood Arrivals, or "DACA," status. When asked what effect Avendano-Elvira's removal would have on the family, she testified that the children would experience significant behavioral changes and emotional hardship and that she would be required to seek work outside of the home, preventing her from assisting the children with their disabilities. Additionally, she testified that, even if employed, she would not be able to afford the family's expenses absent Avendano-Elvira's financial help. Avendano-Elvira also submitted letters from his sisters-in-law, mother-in-law, father-in-law, a colleague, and a friend, all of whom corroborated his good character.

IJ Nancy Paul issued a written decision denying Avendano-Elvira's request for cancellation of removal, explaining that IJ Brown was "no longer available to complete the decision" but that IJ Paul had "familiarized [her]self with the complete

record of proceeding" prior to issuing her decision. Avendano-Elvira appealed IJ Paul's decision to the BIA, contending that the substitution of IJ Paul violated his due process rights and that IJ Paul erred by finding he had not established that a qualifying family member would suffer "exceptional and extremely unusual hardship" as a result of his removal. The BIA dismissed Avendano-Elvira's appeal, concluding that he failed to show the IJ's substitution deprived him of due process or that his removal would result in "exceptional and extremely unusual hardship to any of his qualifying relatives." Avendano-Elvira now petitions this Court for review.

## II.

The Immigration and Nationality Act provides that a noncitizen is inadmissible to the United States if he is "present in the United States without being admitted or paroled" or if he "arrives in the United States at any time or place other than as designated by the Attorney General." 8 U.S.C. § 1182(a)(6)(A)(i). The Department of Homeland Security may charge such inadmissible persons with removal. See id. § 1229a(a)(2) (citing 8 U.S.C. § 1182(a)). However, eligible noncitizens may apply for cancellation of removal. See, e.g., Arroyo v. Garland, 994 F.3d 905, 910 (8th Cir. 2021) (citing 8 U.S.C. § 1229b(b)). To qualify for that relief, Avendano-Elvira needed to show: "(1) continuous physical presence in the United States for at least ten years; (2) good moral character; (3) that he has not been convicted of certain crimes; and (4) that his 'removal would result in exceptional and extremely unusual hardship' to a qualifying relative." Rodriguez v. Barr, 952 F.3d 984, 989 (8th Cir. 2020) (citing 8 U.S.C. § 1229b(b)(1)). The IJ determined, and the BIA affirmed, that Avendano-Elvira had been continuously present in the United States for at least ten years, was of good moral character, and had not committed a disqualifying offense. However, the IJ and BIA both found that Avendano-Elvira failed to show a qualifying relative (specifically, his children) would suffer "exceptional and extremely unusual hardship" as a result of his removal.

Avendano-Elvira first presents a due process challenge, arguing that his Fifth Amendment due process rights were violated when IJ Paul was substituted for IJ Brown and rendered a decision without first making herself familiar with the record as required by 8 C.F.R. § 1240.1(b) and without explaining why IJ Brown was "unavailable" to render the decision. "The decision to grant cancellation of removal is a discretionary act by the Attorney General that this [C]ourt may not review. We may, however, review constitutional claims or questions of law." Id. (citation omitted). We review Avendano-Elvira's due process claim de novo, "as the question of whether an immigration hearing violates due process is a purely legal issue." Bracic v. Holder, 603 F.3d 1027, 1032 (8th Cir. 2010).

Section 1240.1(b) provides:

> If an immigration judge becomes unavailable to complete his or her duties, another immigration judge may be assigned to complete the case. The new immigration judge shall familiarize himself or herself with the record in the case and shall state for the record that he or she has done so.

IJ Paul, when rendering her decision, complied with this regulation's plain language, stating:

> This case was originally heard by [IJ Brown]. However, [IJ Brown] is no longer available to complete the decision, and I, [IJ Paul], was accordingly assigned to complete the case. As required by the regulations, I have familiarized myself with the complete record of proceeding prior to entering this decision.

Contrary to Avendano-Elvira's argument on appeal, he was not entitled to a specific IJ, see Hernandez v. Holder, 579 F.3d 864, 871-72 (8th Cir. 2009) ("[A noncitizen] does not have a due process right to a particular immigration judge."), vacated in part on other grounds on reh'g, 606 F.3d 900 (8th Cir. 2010), and he does not direct us to a case or statutory provision requiring an IJ to articulate *why* the former IJ is no longer available. Instead, Avendano-Elvira has a due process right to an IJ who

-4-

is "fair and impartial." See id. at 871. In her decision, IJ Paul not only stated that she had familiarized herself with the record but also elaborated on pertinent facts in that record, such as the children's speech disabilities and Avendano-Elvira's wife's testimony that, in his absence, the children would suffer behavioral and emotional difficulties. Avendano-Elvira fails to offer evidence that IJ Paul was not fair and impartial or that IJ Paul had not familiarized herself with the record in this case. Ultimately, we find that the substitution of IJ Paul for IJ Brown did not violate Avendano-Elvira's due process rights.[2]

Imbedded within Avendano-Elvira's due process claim is a claim that the BIA erred in its fact finding and ultimate decision to affirm the IJ. Although he frames this argument as part of the due process analysis, it is instead a claim challenging the BIA's discretionary decision to deny his request for cancellation of removal—a claim which we do not have jurisdiction to consider. See Rodriguez, 952 F.3d at 989; see also Solis v. Holder, 647 F.3d 831, 833 (8th Cir. 2011) ("Such a finding that the evidence failed to prove that his removal would cause an exceptional and extremely unusual hardship . . . . is precisely the discretionary determination that Congress shielded from [this] [Court's] review." (first and second alterations in original) (internal quotation marks omitted)). Therefore, we are without jurisdiction to reach this argument.

---

[2]This Court recently addressed a similar argument in Orpinel-Robledo v. Garland, No. 20-2624 (8th Cir. July 19, 2021). There, the petitioner argued in part that the substitution of an IJ (after the merits hearing and before the final decision) violated the text of 8 U.S.C. § 1229a(a)(1), (c)(1)(A) because the phrase "*the* immigration judge," id. at (c)(1)(A) (emphasis added), requires a single immigration judge to preside over cancellation of removal proceedings from beginning to end. See Orpinel-Robledo, No. 20-2624, at 3. However, this Court explained that the statute did not impose such a requirement and further, because the IJ had familiarized herself with the record pursuant to 8 C.F.R. § 1240.1(b), the petitioner's argument failed. Although here Avendano-Elvira does not similarly rely on 8 U.S.C. § 1229a(a)(1), (c)(1)(A), we rely on Orpinel-Robledo when deciding that no right to a particular IJ exists.

## III.

For the foregoing reasons, Avendano-Elvira's petition for review is denied.

_____