# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2241

_____

Jesus Sanchez-Banos,

*Petitioner*,

v.

Pamela Bondi, Attorney General of the United States,[*]

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 13, 2025
Filed: August 1, 2025

_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

COLLOTON, Chief Judge.

Jesus Sanchez-Banos, an alien in removal proceedings, moved for administrative closure of the proceedings so that he could seek a different form of discretionary relief from the Attorney General. An immigration judge denied the

[*]Pamela Bondi is substituted for her predecessor under Federal Rule of Appellate Procedure 43(c)(2).

motion, and the Board of Immigration Appeals dismissed an administrative appeal. We conclude that the Board did not abuse its discretion and thus deny Sanchez-Banos's petition for review.

## I.

In 1998, Sanchez-Banos, a native and citizen of Mexico, unlawfully entered the United States when he was two years old. In 2015, the Department of Homeland Security granted him a two-year forbearance of removal under the Deferred Action for Childhood Arrivals program. After Sanchez-Banos sustained three criminal convictions, however, the Department revoked his protected status and commenced removal proceedings on the ground that he was an alien present without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Sanchez-Banos conceded the removal charge and applied for cancellation of removal. *See id.* § 1229b(b).

During the removal proceedings, Sanchez-Banos asked the Attorney General, through the United States Citizenship and Immigration Services, to waive his inadmissibility (and thus allow him to seek an immigrant visa). Sanchez-Banos maintained that a waiver was appropriate because refusal of admission would result in extreme hardship to a qualifying relative. *See id.* § 1182(a)(9)(B)(v).

Under the governing regulations, however, Sanchez-Banos was not eligible to apply for a waiver of inadmissibility while he was in removal proceedings. 8 C.F.R. § 212.7(e)(4)(iii). Therefore, Sanchez-Banos moved to remove his case from the immigration judge's active calendar or for a continuance. At a hearing on the motion, Sanchez-Banos moved orally for administrative closure—"a docket management tool that is used to temporarily pause removal proceedings." *In re W-Y-U-*, 27 I. & N. Dec. 17, 18 (B.I.A. 2017); *see Hernandez v. Holder*, 606 F.3d 900, 904 (8th Cir. 2010).

In an oral decision, the immigration judge denied the motions. The judge rejected the motion for administrative closure after evaluating the six factors set forth in *In re Avetisyan*, 25 I. & N. Dec. 688, 696 (B.I.A. 2012): (1) the reason administrative closure is sought; (2) opposition to administrative closure; (3) the likelihood respondent will succeed on any action pursued outside of the removal proceedings; (4) the anticipated duration of the closure; (5) any party's responsibility for contributing to the current or anticipated delay; and (6) the ultimate outcome of removal proceedings once the case is recalendared. *See Islas-Saldana v. Garland*, 59 F.4th 927, 930 (8th Cir. 2023).

The immigration judge observed that Sanchez-Banos sought administrative closure so that he could remain in the United States pending adjudication of his waiver application, and that the government did not oppose the request. As to likelihood of success, the judge stated that he "has no ability to determine how the United States Citizenship and Immigration Services will exercise its discretion, or whether they will find that the extreme hardship elements have been met for the waiver . . . . As such, it is difficult for this court to determine the likelihood of the respondent's waiver application." The judge concluded that the anticipated duration of a closure is unknown, and that Sanchez-Banos contributed to delay by waiting almost two years after his visa was approved before seeking administrative closure. The judge also explained that Sanchez-Banos's criminal history led to "his deferred action status being taken away." The judge found that "there are factors in favor of [Sanchez-Banos's] request that he could potentially legalize his immigration status," but "other factors weigh against using administrative closure as a docketing tool in this case." The judge ultimately denied the motion.

The Board dismissed Sanchez-Banos's appeal after concluding that the immigration judge "gave appropriate consideration to relevant factors under *Matter of Avetisyan*." The Board reasoned that Sanchez-Banos did not establish that he was likely to receive a waiver because he did not submit any evidence to document that

a qualifying relative would suffer an extreme hardship. The Board also observed that the alien's conviction for driving under the influence "would factor into whether the proposed waiver would be granted in the exercise of discretion." The Board reiterated the immigration judge's statement "that it may take a significant amount of time to adjudicate the proposed waiver." After considering the totality of the circumstances, the Board affirmed the decision of the immigration judge. Sanchez-Banos petitioned this court for review.

## II.

We review the Board's denial of a motion for administrative closure for abuse of discretion. *Gonzalez-Vega v. Lynch*, 839 F.3d 738, 741 (8th Cir. 2016). The Board abuses its discretion when it "gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." *Islas-Saldana*, 59 F.4th at 930 (internal quotation omitted).

The Board must weigh the factors from *In re Avetisyan* to determine whether closure is appropriate, but it need not recite the factors "mechanically when applying them to the facts." *Gonzalez-Vega*, 839 F.3d at 741. This court requires only that "it be clear from the record that the [Board] had the appropriate considerations in mind and committed no clear error of judgment in weighing them." *Id.* "[T]o the extent that the Board adopted the findings or the reasoning of the IJ, we also review the IJ's decision as part of the final agency action." *Spacek v. Holder*, 688 F.3d 536, 537-38 (8th Cir. 2012) (internal quotation omitted).

In this case, the Board identified the appropriate factors in making its decision. The Board recognized the alien's reason for seeking closure, discussed the likelihood that Sanchez-Banos would succeed in his waiver application, and considered the

duration of the proposed closure. The Board also referred to the immigration judge's consideration of the relevant factors under *In re Avetisyan*.

Sanchez-Banos asserts that the Board abused its discretion by concluding that he did not produce any evidence to show that denial would result in an extreme hardship to a qualifying relative. He points out that the immigration judge took "the word of counsel that [Sanchez-Banos's] son has some hip issues, and that the wife stays home and is going to school and that [Sanchez-Banos] at this time is the primary bread winner." But the immigration judge also said that he had not "been presented with any of [the extreme hardship] evidence directly," so the Board correctly stated that Sanchez-Banos did not submit evidence to document an extreme hardship. The Board rationally concluded that Sanchez-Banos did not make a strong showing on this point.

Sanchez-Banos also maintains that his waiver application "is a winning case," and that "[t]here is really not any weakness to the case at all." But he does not elaborate on this conclusory assertion, and the Board reasonably cited his criminal history and lack of evidence of extreme hardship to conclude that a waiver was more doubtful. Sanchez-Banos also asserts that he "anticipated a short closure where he can adjust status." But this assertion, too, is unsupported. At the hearing, Sanchez-Banos's counsel stated that "the processing times are taking a long time"—thirty-two to thirty-six months. The Board reasonably concluded that it could take a "significant amount of time to adjudicate the proposed waiver." The Board committed no clear error in judgment when weighing the relevant factors.

The petition for review is denied.

_____